## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

NAJA GIBBONS,           )
                                    )
           Plaintiff,       )
                                    )
v.                                )         CV426-088
                                    )
NATURALS2GO, and      )
JONATHAN BECK,        )
                                    )
          Defendants.     )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Naja Gibbons has filed a Complaint which asserts that she was discriminated against during the course of her employment. *See generally* doc. 1. Because her application to proceed *in forma pauperis* was insufficient, the Court directed her to supplement it. Doc. 5. She has complied. Doc. 6. Because her supplemental application shows that she has sufficient funds to pay the required filing fee, her application should be **DENIED**.[1] Docs. 2 & 6.

---

[1] Gibbons has also attached a document, in the nature of correspondence, addressed to the undersigned. *See* doc. 6 at 6-7. To the extent that it appears to supplement factual allegations made in her Complaint, she is advised that she may not amend her pleading informally. *See, e.g.,* Fed. R. Civ. P. 15. If she wishes to amend her Complaint's allegations, she is free to file a single amendment as a matter of course. *See, e.g.,* Fed. R. Civ. P. 15(a)(1). The Court will, however, take no further action based on any allegations informally presented.

Plaintiff's supplemental application discloses that she is employed and her average monthly income is approximately $2,000. Doc. 6 at 1. She also discloses that she has approximately $850 in checking and savings accounts. *Id.* at 2. She discloses significant expenses, but the amounts appear to be inconsistent with the form's request that she disclose "average monthly expenses." *See id.* at 4 (listing a "$250,000.00" "expense" for "life insurance," but also listing the provider as "N/A (military probably)"). Despite the persistent ambiguities in Plaintiff's financial disclosures, her disclosure that she has sufficient funds available in her bank accounts to pay the filing fee, and appears to have income to cover living expenses, and her concession that she is "willing to pay," *id.* at 5, all weigh against the conclusion that she should be allowed to proceed *in forma pauperis.*

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the

Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it is not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Accordingly, her application to proceed *in forma pauperis* should be **DENIED**.[2] Docs. 2 & 6. Should the assigned

---

[2] If Plaintiff believes the Court has misconstrued her financial situation, her opportunity to object to this Report and Recommendation, discussed below, provides her an opportunity to clarify it. She is reminded that any submission regarding her finances must be truthful. To the extent that Gibbons wishes to clarify her financial condition, she is **DIRECTED** to complete Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)). The Clerk is

district judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

---

**DIRECTED** to send Gibbons a blank copy of Form AO 239 with this Report and Recommendation for her convenience. To the extent that she wishes to amend any of her prior disclosures, she must also explain why she did not fully or accurately disclose the information on her prior applications. If Plaintiff contends that she could pay the filing fee in installments, she is also free to request such an accommodation. *See, e.g., Dean v. JRK Holdings*, 2022 WL 16558428, at *1 (S.D. Ga. Oct. 31, 2022).

4

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

      **SO REPORTED AND RECOMMENDED,** this 22nd day of April, 2026.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA